UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 1 3 2020

BY
DEPUTY_____

KEITH M. COLE #728748,
     Plaintiff .

VS.                CIVIL ACTION NO: 1:20CV15
                                  MJT- KFG

LORIE DAVIS,
BRYAN COLLIER,
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
MARY GILDER,

     Defendants.

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Keith M. Cole #728748 (Plaintiff) files this complaint
seeking enforcement of Offender rights under the **RELIGIOUS LAND
USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA)**,114 Stat.
803 42 U.S.C.§2000cc et seq,which prohibits a state or local
government from taking any action that substantially burdens the
religious exercise of an institutionalized person,unless the
government demonstrates,that the action constitutes the "**LEAST
RESTRICTIVE**" **EMPHASIS ADDED!!!!** means of furthering a compelling
government interest.

Plaintiff prays,that this **HONORABLE** Court liberally construes
this Pro se pleading and to not hold Plaintiff's presentation
of this complaint,to the same strigent and rigorous standards
as pleadings filed by a Lawyer.

Plaintiff will respectfully show the following:

1.

## JURISDICTION AND VENUE

Jusridiction is conferred upon this Court prusuant to:
42 U.S.C.§ 2000cc et seq,RELIGIOUS LAND USE AND INSTITUTIONALIZED
PERSONS ACT OF 2000,DECLARATORY JUDGEMET ACT,42 U.S.C.§ 1983.
This District Court is the approprate VENUE because a substantial
part of the events or omissions giving rise to this suit  occured
in the Judicial District of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

On May 13,2018 in an attempt at an informal resolution and to avoid
costly and unnecessary litigation,Plaintiff sent the attached letter
to Executive Director Mr.Bryan Collier.SEE EXHIBIT-A
As a responce, Plaintiff received a notice to use the Offender
Grievance process.SEE EXHIBIT-B.
In responce, Plaintiff filed a Step-1 grievance on June 2,2018 SEE
OFFENDER GRIEVANCE #2018145047 as EXHIBIT-C.
As expected,Plaintiff complaint was not resolved or even addressed.
Clearly this Court can see,that the Grievance investigator refused
or failed to address the most substantive issues raised in his complaint.
Even though Plaintiff knew that the Grievance System is unfair,bias,
inadequate,futile and a complete fauces, he still submitted his
Step-2 grievance on August 30,2018.SEE OFFENDER GRIEVANCE #2018145047
as EXHIBIT-D.
Clearly these T.D.C.J. Officials had no intentions of addressing this
complaint and would never do so with out this Court's "SPUR"!!!

## PARTIES TO THIS CAUSE OF ACTION

KEITH M.COLE #728748 (Plaintiff):

Is an Offender in the care and custody of The Texas Department of Criminal Justice prison system.

Plaintiff is currently assigned at the Mark Stiles unit.

Address: 3060 FM 3514,Beaumont,Texas 77705-7635.


MS.LORIE DAVIS (Defendant):

Is the Executive Director of The Texas Department of Criminal Justice prison system.

**Address:** P.O. BOX 13084,Austin,Texas 78711-3084.

As such,Ms.Davis is the Commanding Officer of all T.D.C.J. Guards, T.D.C.J. Employees and Contractors.

Ms.Davis is responsible for their training,supervision and conduct.

Ms.Davis also reviews and approves all T.D.C.J. policies,procedures, rules and guidelines.

As a matter of law,Ms.Davis is responsible for protecting the Constitional rights of Plaintiff and all other Offenders held in T.D.C.J.

At all times described herein, Ms.Davis was acting under the color of Texas State Law.

Ms.Davis is being sued in her **OFFICIAL CAPACITY**.


MR.BRYAN COLLIER (Defendant):

At the time of Plaintiff attempt at an informal resolution,Mr.Collier operated in the capacity that Ms.Davis now holds.

Mr.Collier is being sued in his **OFFICIAL CAPACITY**.

3.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE (Defendant):

Is a State agency and at all times operated the Mark Stiles unit.
The Mark Stiles unit is a Public Facility with programs and services
that receive Federal funds.


MS. MARY GILDER (Defendant):

Ms. Gilder is the Food Service Supervisor at the Mark Stiles unit.
She is required by **CLEARLY ESTABLISHED** T.D.C.J. policy and State and
Federal law to follow written rules, regulation and guidelines and
the "**MANDATORY LANGUAGE**" within them.
Ms. Gilder will be responsible to comply with any orders compelled
by this Court. She is being sued in her **OFFICIAL** and **INDIVIDUAL**
**CAPACITY.** ADDRESS is the same as Plaintiff's.

## DAMAGES OR OTHER CLAIMS OF RELIEF

For elements of damages accuring to Plaintiff, Plaintiff seeks one
or all of the following:
PROSPECTIVE, INJUCTIVE, EQUITABLE relief.
Plaintiff also seeks DECLARATION of RIGHTS.
Plaintiff does not seek but will accept any **CORRECTIVE** or **PUNITIVE**
damages assessed by this Court including reimbursement of filing fees.


## DECLARATION OF FACTS

I Keith M. Cole #728748 under the penalty of perjury do state, that I
am over the age of Twenty One (21) and of sound mind.
All of the above and forgoing are **TRUE** and **CORRECT** to the best of
my knowledge.

EXCUTED ON THIS _8_ DAY OF _JANUARY_ , _2020_ .

KEITH M. COLE #728748
_Keith M. Cole #728748_

4.

It is well established, that the RELIGIOUS LAND **USE AND**
**INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA)** provides a "VERY
**BROAD"** protection for Religious liberty.

In addition,the State of Texas also has far reaching laws that
protects the free exercise of Religion. **SEE TEXAS GOVERNMENT CODE**
**110.001,110.002,110.003,110.005,110.006,110.008,**
110.009, **BURWELL VS. HOBBY LOBBY STORES INC.** 573 U.S._____,_____(2014).
Congress defined Religious Liberty capaciously to include "any
exercise of Religion,whether or not compelled by,or central to,a
system of Religious belief". **SEE** § **2000cc-5 (7),(A).**
Congress mandated, that this concept **"SHALL BE CONSTRUED IN FAVOR**
**OF A BROAD PROTECTION OF RELIGIOUS EXERCISE,**to the "MAXIMUM"
extent permitted by the terms of this chapter and Constitution".SEE
§**2000cc-3 (G).**

**PLEASE NOTE:** Congress also stated that RLUIPA "may require a
government to incur expenses in its own operation to avoid imposing
a substantial burden on Religious exercise".**SEE** § **2000cc 3 (C).**
However,Plaintiff does concede,that this Court must accord due
deference to Prison Officials and their policies, both in deciding
whether to intervene in Prison management and in determining the
appropriate scope and character of any relief.

Prison Officials are experts in running prisons and evaluating
the likely effect of altering prison rules, yet,that respect does
not justify the abdication of responsibility conferred by .congress

to apply RLUIPA rigorous standards.

Courts must engage in case-by-case fact-specific inquiry in deciding whether government actions or regulations place "Substantial Burdens" on Religious excercise, for purpose of the RLUIPA 2000cc § 3 (A), 42 U.S.C.A. § 2000cc-1 (A).

Courts also have a duty to apply to Offender's claims "INTERPRETIVE PRESUMPTIONS", that protect Constitutional rights.

Under RLUIPA, in order for Plaintiff to prevail he must show and prove "TWO PRONGS":

1. The relevant Religious exercise is grounded in a sincerely held Religious belief.

2. The Government's action or policy substantially burdens that exercise by, forcing the Plaintiff to engage in conduct that seriously violates his Religious belief.SEE ALI VS. STEPHENS 822 F.3d. 776,783 (5th.Cir. (2016).

In order for Defendents to impinge on Plaintiff's Religious rights, they must prove a reasonable related penological interest for doing so. "HOWEVER" in a "UNANIMOUS" (9-0) U.S.SUPREME COURT decision,Prison Officials must show that they. lack other means of achieving their desired goals without imposing a substantial burden on the exercise of Religion by the objecting party.

If a less restrictive means is available for Prison Officials to achieve its goals, "THEY MUST USE IT"!!!!!!! SEE HOLT VS. HOBBS 574 U.S._____,_____ (2015).

PLEASE NOTE:THE LEAST-RESTRICITVE MEANS STANDARD IS "EXECPTIONALLY DEMANDING".

Plaintiff will show the following:

6.

## ARE PLAINTIFF'S DIETARY REQUEST GROUNDED
## IN A SINCERELY HELD RELIGIOUS BELIEF?

### STATEMENT BY KEITH M.COLE (Plaintiff)

As a member of the Baha'i faith, my belief is in the unity of all religions.

I study and practice many teachings from the Qur'an revealed by Muhammad, the Torah,which established the dietary laws commanded by God sent down to Moses, and the Gospel, taught by Yahoshua (Jesus) the revealer of mercy,grace and love from God.

There should be no dispute,these books are the **RELIGIOUS AUTHORITY** followed by people of my faith.

The Qur'an clearly compells Plaintiff to abstain from eating pork meat. SEE HOLY QUR'AN Surah 5:3.

In the Torah, Moses list clean and unclean food that God commanded me to reject and accept. SEE TORAH DEUTERONOMY 14.

**PLEASE NOTE:** Upon review of Deuteronomy 14,God clearly put a "PRIORTY" on the consumption of animal meat.

As a result, it is my sincerely held religious belief,that I must eat meat as a requirement to faithfully practice my religion in accordance with Deuteronomy 14.

I truly believe, that my religion prohibits anyone from purposefully restricting food that God commanded me to eat.

The fact is,meatless meals substantially burden my religious beliefs and practices because,T.D.C.J. policies 13.07 and 03.01 have forced me to significantly modify my diet in almost 1/3 of my lunch and dinner meals.

My beliefs are no Idiosyncratic and I have not knowingly eaten pork in over twenty (20) years.

## DOES T.D.C.J. POLICY 13.07 OR 03.01 SUBSTANTIALLY
## BURDEN PLAINTIFF'S RELEVANT RELIGIOUS BELIEFS?

There should be no dispute,that meat is a **MAIN STAPLE** in over ninety
five (95) percent of lunch and dinner meals served to the General
Population everyday in T.D.C.J..**SEE T.D.C.J.** FOOD SERVICE MANUAL
**MENU PLAN AVAILABLE IN ANY FOOD SERVICE DEPARTMENT AND IN SOME LAW
LI**BRARYS.

However, several years ago, T.D.C.J. Officials implemented Food
Service policy 13.07 and Chaplaincy policy 03.01 which effectively
eliminated meat in almost one third (1/3) of Plaintiff's lunch and
dinner meals.

These meals were referred to as being vegetarian or meat-free.
T.D.C.J. provided these meatless meals inorder to provide a
uniform menu that would in their eyesight comply to Plaintiff's
pork free religious requirements.

This inadequately formulated menu plan was easy and convenient,
and had little or no impact on T.D.C.J's limited food budget.
These meatless meals often forced Plaintiff to spend his own money
to purchase meat to go along with his meals.

Through the years, this cost has become substantive (HUNDREDS (100s)
of DOLLARS).

Plaintiff is confident, that he will show, that T.D.C.J. Officials
have least restrictive and readily available alternatives,that are
well within their alloted food budget,does not impose unjustified
burdens on other Offenders,nor do they jeopardize the effective
functioning of the prison from maintaining good order,security, and
discipline. IN **FOOD SERVICE POLICIES 13.07 and 03.01.** shows that
Plaintiff was offered one of three options when pork is served.

**OPTION 1.** loz. sliced cheese,additional 4oz. of beans and one (1) extra slice of bread.

**OPTION 2.** One (1) hard-boiled egg and one (1) peanut butter and jelly sandwich.

**OPTION 3.** One (1) peanut butter and jelly sandwich and 4oz. of beans.

SEE BARANOWSKI VS. HART 486,f3d.118, (5th.Cir. 2007).

**PLEASE NOTE:** Per T.D.C.J. Food Service Policy,these options are to be rotated to assure variety menu item replacements.

Even though Plaintiff has only been assigned to the Stiles unit for only two (2) months,on information and belief, there are no options being served as listed above.

When ever pork is served,Offenders are offered a small scoop of a peanut butter and jelly concoction,one (1) extra piece of cornbread and 4oz. of beans. **NO EGGS,CHEESE** or **PEANUT BUTTER SANDWICHS.**

One Offender Richard Lares #1592255    is allergic to peanut butter and the only option he is being offered,is plain butter mixed with jelly,one (1) extra piece of cornbread and 4oz. of beans.

Dispite several complaints, Food Service Supervisor (Mary Gilder) has refused of failed to provide the pork-free options required by clearly established Agency policy and conveyed to the Federal Courts. Plaintiff contends,that even if these options are served per policy,watching most General Population Offenders eat meat while Plaintiff eats peanut butter for so many years has imposed an unfair,undue and "DISCRIMINATORY BURDEN" on Plaintiff's religious practices and beliefs,in addition to an adverse impact on his moral. IN ADDITION:EVEN THE 5th.CIRCUIT CONCEDED THAT T.D.C.J.'S FOOD SERVICE POLICY NOT TO PROVIDE RELIGIOUS FOOD MAY BE DEEMED TO WORK A SUBSTANTIAL BURDEN UPON AN OFFENDER'S PRACTICE OF HIS FAITH.

SEE BARANOWSKI VS. HART 486,f3d,125 [21] (2007).

However,Plaintiff contends, that unlike in BARANOWSKI where the 5th. Circuit denied his request for Kosher meals because of T.D.C.J.'s limited budget for food,difficulties and expence associated with having to creat a seperate Kosher kitchen, or to bring in Kosher food from the outside,which would breed resentment among Offenders, were all compelling penological interest,Plaintiff is not requesting a Kosher or Hala menu,nor the expence associated with having to creat a separate kitchen,or require T.D.C.J. Officials to substantially alter food preparation procudures,nor use containers,special storage facilities,or utensils inorder to completely avoid pork contamination. Plaintiff is not requesting any type of specially tailored diet,which would require T.D.C.J Officials to set aside resources uniquely for Plaintiff's benefit.

All that Plaintiff is requesting,is when ever pork is served, that Plaintiff be provided with a non pork meat as a substitute.

Plaintiff contends,that the food items offered in the three (3) options listed in Food Service Policy 13.07 can be replaced with non pork meat without any undue expence or labor.

In option #1 if a butcher can slice cheese,could he not slice bologna or salami instead???????

In option #2 if a cook can put on a pot of hot water to boil an egg, could he not just as easy boil a hotdog or beef link?????

In option #3 if a Kitchen Worker can mix up peanut butter and jelly and make a sandwich,could he not mix up some tuna and mayo to make that same sandwich????

THE FACT IS,THERE WOULD BE NO EXTRA WORK REQUIRED TO SERVE NON PORK MEAT WHEN PORK IS SERVED TO THE GENERAL POPULATION.

# FOOD COST WOULD BE DE MINIMIS

There can be no dispute,that meat items such as bologna,salami, and tuna are readly available on any T.D.C.J. Facility that house Offenders requiring a DIET FOR HEALTH,DIABETICS, or a HYPO DIET. The record will clearly show, that on these Units the Food Service Department combined provide 1000s of Offenders with these meats on a weekly basis.(Bologa/salami sandwichs are served in addition to the regular menu.) **PLEASE NOTE:**The Stiles Unit Food Service provided 100s of Offenders with these special diets and it does not breed resentment from other Offenders who are not provided with these special diets.

Not only will these meats be easy to replace Plaintiff's meatless meals,the cost will be "MINIMAL" if at all.

Under the current Food Service Policy 3.01:

The General Population Offender may select at any meal a regular tray,a meat free tray or a pork free tray,any type of tray may be selected from meal to meal.

In other words,if pork chops are being served,the Food Service Department must prepare enough pork chops for all Offenders "**INCLUDING PLAINTIFF**". **SEE BARANOWSKI VS. HART 486,f3d.,118.**

However, Plaintiff has encluded a list of over 65 Offenders on the Stiles Unit who do not eat pork for religious reasons.**SEE EXHIBIT-E.** These Offenders are willing to submit their names to the Food Service Department stating that they will never select pork on the serving line and will always request a pork free meal.

So whenever pork is served,the Food Service Department will have a list of Offenders that will not eat pork,so that would be 65 pork chops that would not have to be prepared.

So the cost of preparing less pork will offset the cost of
providing more non-pork meat instead of a vegetarian diet for
Plaintiff.

What is compelling, a Texas Offender won a twelve (12) year legal
battle with T.D.C.J. where Prison Officials were convienced to not
only provide a Kosher diet to him but to all Orthodox Jewish Offenders
in T.D.C.J. SEE MOUSSAZADEH VS. T.D.C.J. #09-40400 (5th.CIR.)
During this litigation,the Court concluded that the denial of Kosher
meals violated his faith "AND THE COST OF KOSHER MEALS WAS MINIMAL-
LESS THAN .005% OF T.D.C.J.'s FOOD BUDGET."

In addition, the vast majority of states do provide Jewish Offenders
with Kosher meals,and studies show,that allowing Offenders to practice
their faith leads to better behavior in prison and fewer crimes after
release.

The fact is,protecting religious freedom in prison is not only smart,
but is the right thing to do.

Plaintiff contends, that he would rather have Hala/Kosher meals as
being provided to Orthodox Jewish Offenders and that his request
for relief in the lawsuit is not preferable.

However,in the interest of both T.D.C.J. and Plaintiff, the alternatives
requested in this complaint would be a more than acceptable compromise
and by far a less restrictive policy than what is currently in place.

IN ADDITION:Plaintiffs request for relief would be far less than the
.005% cost associated with MOUSSAZADEH.

## PRAYER

Planitiff prays,that this Court hold,that T.D.C.J. policies 13.07
and 03.01 as applied in this case,violates the RLUIPA,114 Stat.
803, 42 U.S.C. §2000cc et seq.

In so much,that these policies are extremely restrictive and pose
and unfair,undue,detrimental, and discriminatory effect on Plaintiff's
religious practices and beliefs.

Plaintiff prays ,that this Court conclude, that T.D.C.J. policies
are **"TOO RESTRICTIVE"** and that the alternative approach requested
by Plaintiff has merit and is in fact,a lesser restrictive means
for T.D.C.J. to achieve it's Food Service requirments and goals.
The Defendants in this cause of action should be made to understand,
that policies like 13.07 and 03.01 are a perfect example why Congress
enacted RLUIPA in the first place, and Congress spoke with **"EXACTING
CLARITY"** as to the applicability of this Constitution provision.
Congress and the U.S. Supreme Court clearly emphasized **"THE LEAST
RESTRICTIVE MEANS STANDARD IS "EXCEPTIONALLY DEMANDING" AND IT
REQURIES THE GOVERNMENT TO SHOW THAT IT LACKS OTHER MEANS OF
ACHIEVING ITS DESIRED GOALS WITHOUT IMPOSING A SUBSTANTIAL BURDEN
ON THE EXERCISE OF RELIGION BY THE OBJECTING PARTY.**

Plaintiff prays, that this Court will expedite an evidentiary
hearing,because as a matter of Texas State law,"any delay in the
exercise of a first amendment right constitutes an **"IRREPARABLE
INJURY"** to those seeking such exercise". SEE **IRAIAN MUSLIM ORG.
615,S.W.** 2d. 202 (SUPREME **COURT OF TEXAS**).

Plaintiff ask one question **"WHERE'S THE MEAT??"**

EXHIBITS A thru E Attached herein

May 13, 2018



Mr. Keith M. Cole #728748
Jester - 3 Unit
3 Jester Road
Richmond, Texas 77406

Mr. Bryan Collier
Director of T.D.C.J.I.D.
P.O. Box 13084
Austin, Texas 78711-3084

REF: Food Services Procedures 13.07; Chaplaincy Policy 03.01

Please be advised,

If I require a Pork-Free Diet, over 1/3 of my lunch and dinner meals are meatless. I contend that the current Pork-Free Diet Plan imposes an unfair and unconstitutional burden on my religious practices and beliefs. As you know, meat is a main staple in T.D.C.J. prisons; over 95% of all General Population lunch and dinner meals contain meat.

Sir, I am not requesting meals which must be prepared in a manner consistent with the Laws of my religion; I am not requesting individualized preparation or highly detailed or specific food. All I want is to be provided a Pork-Free meat instead of a meatless meal.

If Food Service can boil eggs, they can boil hotdogs; if they serve sliced cheese, they can serve bologne; if they can mix peanut butter with jelly, they can mix tuna fish and mayonnaise. The cost would be DE-MINIMIS, easy to implement, and would prevent COSTLY and UNNECESSARY LITIGATION.

For more information, please review I-127-128 #2016157177 Patrick Murphy #542510.

May God Bless You Today!!!

Mr. Keith M. Cole

CC:

EXHIBIT-A

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Inter-Office Communication
### Administrative Review and Risk Management
#### Offender Grievance

TO: Cole, Keith

TDCJ #: 728748

UNIT: J3

FROM: Central Grievance Office                SUBJECT: Correspondence

Your documents received in this office have been reviewed and a response is indicated below.  Contact the warden, major, chief of classification or a security officer for issues you deem as an emergency; however, are not considered an emergency, through the Offender Grievance Procedure.  **If you need additional information or assistance, you may contact the Unit Grievance Investigator at your unit.**

☐ **Your correspondence was received at the Central Grievance Office and has been forwarded to Unit Administration for further review.**

☐ Your correspondence was forwarded to this office by the **Ombudsman's Office** .That office does not respond to offender complaints or requests. Please utilize the Offender Grievance Procedure to address your concerns.

☑ Please utilize the Offender Grievance Procedure to address your concerns.

☐ Direct this issue to the Director's Review Committee (DRC).

☐ Direct this issue to the Classification and Records Office – Time Credit Section.

☐ Direct this issue to the Parole Board.

☐ Attachments returned

☐ This issue is currently being addressed by unit officials. Grievance # XXXXXX is under review at Step 2.

EXHIBIT-B

See Reverse Side

**TO:**      **TDCJ #:**      **UNIT:**

**FROM:** Central Grievance Office      **SUBJECT:** Offender Correspondence

> You should always attempt to resolve your problem informally at your unit with staff, department and security supervisors, or the warden. Verbally communicate the problem, or submit an I-60 Offender Request to Official. Sending your concerns to the wrong department or agency is inappropriate and only delays valuable response time. Your prison-related issues can be addressed in a timely manner by directing them to the appropriate responsible TDCJ department listed below.

☐ **Offender Protection Issues (OPI):** Immediately contact a correctional officer; security supervisor; warden; assistant warden; or the Classification Department at your unit.

☐ **Offender Grievance Procedure:** Issues regarding unit operations, disciplinary disputes, property issues, mail or any other matter relating to conditions of care or supervision may be formally addressed through the Offender Grievance Procedure if informal contact (verbally or I-60) with unit staff does not address your concerns. Submit your Step 1 grievance to the Grievance Department at your unit. Allow ample time for the Grievance Department to investigate your complaint and return a reply to you. If you appeal a decision to the next level, you must submit a Step 2 grievance along with the original answered Step 1 grievance to the Grievance Department at your unit. Step 2 grievances are reviewed by the regional authority or the Central Grievance Office if you are dissatisfied with the response on the Step 1. Directing grievances to unrelated offices may result in expiration of your grievable time period.

If you have already pursued the issue through the Offender Grievance Procedure at Step 1 and Step 2; no other administrative remedies are available to you regarding the issue. You may pursue the matter in any manner you choose outside of the agency.

☐ **Medical Care:** The unit physician is the primary care provider at the unit level and is responsible for the determination of medical treatments, medications, medical restrictions, and scheduling of services. You should attempt to resolve your problem at the unit level first by contacting the unit medical administrator in writing (sick call request or I-60 request form) for assistance. Subsequently, if you are not in agreement with the provider's response you may utilize the grievance process. You will not be transferred for medical reasons without the approval and recommendation of unit health care providers.

☐ **Office of Inspector General (OIG) Investigation:** Complaints or allegations relating to excessive or unreported use of force, physical harm by staff, or any crime committed by an offender or employee on state property should be directed to the Office of Inspector General, Investigation Division at P.O. Box 4003, Huntsville, TX, 77342. Full details must be provided in order to initiate an investigation in this manner.

☐ **Classification:** Issues related to time disputes; time calculations; sentencing; concurrent time and stacked time; jail time; forfeited good conduct time; back dated good conduct time; class; promotions; cell assignment; or information on various programs should be directed to the Classification Chief at your unit or the Classification & Records Department at P.O. Box 99, Huntsville, TX, 77342-0099.

☐ **Transfer:** Offenders are not at liberty to choose their unit of assignment. Notify the Classification Department at your unit if you have a reason that warrants a transfer. A request for a hardship transfer may be made if an immediate family member, listed on your approved visitation list, is unable to travel long distances. To be considered, you must be at least L1/G3, with no major disciplinary cases for 1 year and more than 200 miles from home. The family member may submit their request along with a letter from their doctor to verify the medical disability to Joni White, TDCJ-Classifications & Records Department at P.O. Box 99; Huntsville, TX, 77342-0099. A transfer is not guaranteed, but the request will be reviewed for consideration.

☐ **Parole:** Parole review status issues should be directed to the Board of Pardons and Paroles at P.O. Box 13401, Capitol Station, Austin, TX 78711.

☐ **Education:** Issues related to education should be directed to the Windham School Principal at your unit. Continuing Education issues should be directed to Windham School at P.O. Box 40, Huntsville, TX, 77342. You will not be considered for educational transfer without Windham recommendation.

☐ **Trust Fund & Commissary:** Issues related to your commissary account should be directed to Inmate Trust Fund at P.O. Box 629, Huntsville, TX, 77342. Issues related to commissary purchases, items stocked, or special requests should be directed to the commissary supervisor at your unit.

☐ **Food Service:** Issues related to meals, sack lunches, or special diet menus should be sent to the food service manager for resolution at your unit. If the issue is not resolved at the unit level, then contact the Director of Food Service at P.O. Box 99, Huntsville, TX, 77342-0099

☐ **Legal Assistance:** Issues such as conviction appeal, detainers, divorce, or child support should be directed to an offender's attorney or State Counsel for Offenders, Legal Services Section at P.O. Box 4005, Huntsville, TX, 77342-4005.

☐ **Law Library:** All offender legal issues related to unit operations such as, access to courts; legal visits with other offenders; world attorney visits; indigent, legal or correspondence supplies; postage; policy; and state law information requests should be directed to the law library supervisor at your unit.

☐ **Security Threat Group (STG):** If you feel you have been incorrectly identified as a member of a security threat group, or wish to begin the disassociation process, you should contact the Security Threat Group Officer (STGO) at your unit. The STGO will know the proper procedure to follow in having your STG status reviewed. You may also write to the Security Threat Group Management Office (STGMO) at P.O. Box 99; Huntsville, TX, 77342-0099. However, the STG Management Office relies more on requests and information submitted to them by the Unit STGO than directly from offenders.

☐ **Lockdowns & Shakedowns:** Unfortunately, offenders who had nothing to do with a disturbance are often included in a lockdown, and all offenders at a unit are affected by a semi-annual shakedown. The procedures for implementing a lockdown or shakedown are well established and have proven effective in restoring order and ensuring the security of the unit, as well as the safety of offenders and staff. That does not mean the process is pleasant for offenders or staff

☐ **Laundry/Necessities/Unit Supply:** These items are available on a one for one exchange. You must turn in an item to receive a like item. Resolution must first be attempted on the unit for Issues involving laundry/necessities and unit supply.

☐ **Rehabilitation Programs:** Questions regarding rehabilitation are to be directed to: Rehabilitation Program Division at 4616 W. Howard Ln. Suite 200; Austin, TX 78728.

☐ **Religion:** Any issue related to religious programs; services; holidays; or activities should be directed through the Chaplain at your unit or the TDCJ Chaplaincy Department at P.O. Box 99, Huntsville, TX, 77342-0099.

See Reverse Side

# Texas Department of Criminal Justice

# STEP 1    OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2018145047

Date Received: 6-3-2018

Date Due: 7-13-2018

Grievance Code: 500

Investigator ID #: I2592

Extension Date: 8-22-2018

Date Retd to Offender: AUG 2 4 2018

Offender Name: Mr. Keith M. Cole    TDCJ # 728748

Unit: Jester III    Housing Assignment: 15-06

Unit where incident occurred: Jester III

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Mr. Bryan Collier (Director)    When? 5-12-2018

What was their response? NONE

What action was taken? NONE

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

I contend that food service policy 13.07 and Chaplaincy policy 03.01 are unconstitutional in so much as they impose an unfair and undue burden on my religious practices and beliefs.

Dietary laws of my religion are significant and to violate them would violate my sincerely held religious beliefs.

T.D.C.J.'S meatless pork-free menu for over $\frac{1}{3}$ of my lunch and dinner meals has a discriminatory effect on me; because, meat is a main staple for the T.D.C.J. prison population and there is no legitimate compelling governmental interest why I can't be provided with a pork-free meat as a replacement for sliced cheese, boiled eggs, peanut butter, jelly and extra beans and bread.

I am not requesting individualized preparation or highly detailed or specific food. All I want is meat. If food service can serve sliced cheese they can serve sliced bologna. If they can boil eggs they can boil hotdogs, and if they can mix peanut butter and jelly together, they can mix tuna fish and mayonnaise.

---

**EXHIBIT-C**

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Action Requested to resolve your Complaint.** When ever pork is served, I be provided a no

pork meat as a substitute.

**Offender Signature:** M. Kurt M. Cole                    **Date:** 6-2-2018

**Grievance Response:**

Investigation into your allegations has been completed by this office. Food service staff follow policy and serve the acceptable options when replacing the pork. Options are rotated to assure variety in menu item replacement. There is no evidence of policy violations and/or staff misconduct. No action is warranted.

**Signature Authority:** BHayes                    **Date:** 8/24/18

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**        *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**_____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |

Appendix F

copy



OCT 3 0 2018

## Texas Department of Criminal Justice
# STEP 2    OFFENDER GRIEVANCE FORM

3

Offender Name: Mr. Keith M. Cole ___ TDCJ # 728748

Unit: Jester III ___ Housing Assignment: 15-06

Unit where incident occurred: Jester III

OFFICE USE ONLY

Grievance #: 2018145047

UGI Recd Date: 9/4/18

HQ Recd Date: SEP 14 2018

Date Due: 10/14/18

Grievance Code: 500

Investigator ID#: 2487

Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

I am dissatisfied with the response at the step one level of grievance number 2018145047 reviewed by B. Hayes.

B. Hayes refused and failed to address the most substantive issues raised in my complaint.[I-127].

This grievance response simply states, that food service staff are following a policy, that I alleged was unconstitutional and imposes an unfair and undue burden on my Religious practices and beliefs.

This is yet another customary evasive response to a legitimate Religious Right's claim. **Please Note:** As a matter of clearly established law, T.D.C.J. Id. officials will be required in court to not only explain why they refuse to provide me with a meat substitute when pork is served, they must also prove that their actions or policies are the **Least-Restrictive-Means** of achieving their desired goals.

In addition: In order to avoid costly and unnecessary litigation, Please have the Attorney General of Texas and T.D.C.J.'S Attorney's office review this complaint for its merits. SEP 14 2018

EXHIBIT-D

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

SEP 1 4 2018

**Offender Signature:** MR. _Kurt M. Ch_      **Date:** 8-30-2018

**Grievance Response:**

Step 1 response appropriate. Please refer to that response. There was no evidence to substantiate your allegations of agency policy violations. No further action is warranted.

STEVE MASSIE
ASST. REGIONAL DIRECTOR

**Signature Authority:** _____      **Date:** OCT 0 9 2018

---

**Returned because:**    *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

SEP 1 4 2018

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**    **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2ⁿᵈ Submission**    **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3ʳᵈ Submission**    **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd:_____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

## PORK FREE DIET REQUEST DUE TO RELIGIOUS BELIEFS

1. Joe Earl Thomas-El #547721
2. Louis Writt 1775856
3. Lowe, G #470610
4. Tyrone Mosley II #2123235
5. R. Renfro #01463328
6. W. Brown #1251292
7. Thomas Anthony Holley 2A50379 3B51B
8. Thompson, James #1642798
9. Love, Earnest #584043
10. ANHUAN REN CUI 2052074
11. Manuel S Peña #1827689
12. Christopher Romero #470884
13. Mr. Jessie L. Wilborn #614998
14. Osau Cook 1183961
15. Keith Nickerson II #636514
16. Faggett Lawrence #278208
17. Timothy Wade #1516343 Timothy Wade
18. Dashawn Hoeg 1379654
19. Bearden Troy #1140742
20. Lloyd Nelson #01547802
21. Reginald Johnson #01378212
22. Monsour Muhammad #700904
23. El-haj Talal #1859262
24. Coope #1907016
25. Martinez, C #2090154
26. M. Sims #1913662
27. Starts, E. #2222612
28. C. Harrison #1547881

29. J.L. Gibson #1238901
30. Eddie Johnson 1816959
31. C. Green #1526253
32. Mario Peña #1143536
33. Steven Johnson #595819
34. Cedric Hood #781945
35. Robinson Marvin #1909620
36. Leron Alexander #1126000
37. Anthony E. Lupian 0175364
38. George L. Childs #1826493
39. Donald Ray Caldwell #761955
40. Joey Henderson #841985
41. Micheal Smith 849543
42. Carlos E Jenkins-Bey
43. Fowler. Willard #1899464
44. Dock Murray #1861938
45. Courtney Sargent #2124679
46. Sofiane Benaffane #2027556
47. Jonathan Head #1563179
48. Doran J Walker #1896025
49. Shepherd Courtney 1109521
50. King Dawud Muhammad #408484
51. Alexandro Avila 656918
52. Adrian Long #1141685
53. Jon W Quigley #1536817
54. Kenneth Nelson #2209095
55. Travein Strawther 2209630
56. Marquise Hall 2050538

EXHIBIT-E

57. Shannon Gilmore * 1610046
58. Johnson Cedric - 1951522
59. WOLF JAMES 1803271
60. HINES, CARLOS 1828918
61. Thompson Merquise 663629
62. Roy E Lynch 1003330
63. John H. Harvey * 907322?
64. Tariq D Jefferson 1604406
65. James A DeWix 237475
66. Perry N Sterling # 645525
67. Edward J Stafford # 736768

62.
63.
64.
65.
66.
67.
68.
69.
100.
101.
102.
103.
104.
105.
106.
107.
108.
109.
110.
111.
112.
113.
114.
115.
116.
117.
118.
119.
200.
201.
202.
203.
204.
205.
206.
207.

69.
70.
71.
72.
73.
74.
75.
76.
77.
78.
79.
80.
81.
82.
83.
84.
85.
86.
87.
88.
89.
90.
91.

TO:   The Honorable Clerk of the
      U.S. District Court
      Eastern Division
      300 Willow St., Ste. 104
      Beaumont, Texas 77701-2222

RE:   Mr. Keith M. Cole #728748
      Mark Stiles Unit
      3060 FM 3514
      Beaumont, Texas 77705

                                        Date: Jan.8,2020

     I, Keith M. Cole, wish to file an Original Lawsuit.  Enclosed you will

find my Original Petition seeking relief under the RLUIPA.  I am an Offender in

T.D.C.J. and I am not indigent.

     Please, provide me with the full cost of the filing fees determined by

the Court along with the Cause Number Entitled to my case.

     Once I receive this information I can instruct the Offender Trust Fund

Department to forward the Courts the full payment for costs in one payment.

     Please, file mark the copy of this cover letter and return it to me in the

enclosed self addressed envelope.  If you have any questions, please write me

at the above address.

     Thank you in advance and may God Bless you Today!

                              Sincerely,

                              MR Keith M. Cole 728748

                              Mr. Keith M. Cole #728748
                              Pro Se

Mr. Keith M. Cole #728748
Mark Stiles Unit
3060 FM 3514
Beaumont, Texas 77705-7635



CLERK, U.S. DISTRICT COURT
RECEIVED

JAN 1 8 2019

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS


CLERK, U.S. DISTRICT COURT
RECEIVED

JAN 1 8 2019

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

CLERK of:
U.S. District Court of Texas
Eastern Division
300 Willow St Ste 104
Beaumont, Texas 77701-2222