IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEITH M. COLE | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-15 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Keith M. Cole, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Bobby Lumpkin, Bryan Collier, the Texas Department of Criminal Justice, and Mary Gilder.

This civil rights action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Bryan Collier and Bobby Lumpkin have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. The plaintiff filed responses to the motions, and the motions to dismiss are now ripe for review.

Discussion

Defendants Collier and Lumpkin have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5), which provides that a lawsuit or claim may be dismissed if the defendants have not been properly served with process. As the serving party, the plaintiff bears the burden of demonstrating the validity of service. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). The plaintiff's *pro se* status does not excuse him from the requirement to effect service in accordance

with the applicable rules. *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

The plaintiff submitted returns of service indicating that his brother attempted to serve Bryan Collier and Bobby Lumpkin by sending them process via regular mail. Federal Rule of Civil Procedure 4(e) states that individuals may be served either: (1) pursuant to the laws of the state in which the court is located or (2) by delivering a summons and a copy of the complaint to the individual personally, by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized by appointment or by law to receive service of process. Service by certified mail is permitted under the laws of the State of Texas. *See* TEX. R. CIV. P. 106(a)(2). When service is made by certified mail, the return of service must contain the addressee's signature. TEX. R. CIV. P. 107(c). The Texas Rules of Civil Procedure provide that process may be served by: (1) a sheriff, constable or other person authorized by law, (2) a person authorized by law or written order of the court who is at least eighteen years old, or (3) a person certified under order of the Texas Supreme Court. TEX. R. CIV. P. 103. A person who is a party or interested in the outcome of the suit may not serve process. *Id*.

In this case, service on defendants Collier and Lumpkin was insufficient because process was not sent by certified mail, the returns of service do not contain the signatures of the defendants, and the plaintiff's brother is not a person authorized to serve process under the Texas Rules of Civil Procedure. Federal Rule of Civil Procedure 4(m) allows the plaintiff ninety days to serve the defendants after the complaint is filed. If the plaintiff fails to serve the defendants within that time, dismissal is appropriate unless the plaintiff shows good cause for the failure. FED. R. CIV. P. 4(m). More than ninety days have passed since the plaintiff was provided with summons to serve the

defendants, but defendants Collier and Lumpkin have not been served properly. Therefore, dismissal is warranted unless the plaintiff shows good cause for his failure to serve the defendants.

The plaintiff bears the burden of proving good cause for failing to serve the defendants within the time frame set out in Rule 4. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). To prove good cause, plaintiff must show excusable neglect for failing to serve the defendants. In addition, to receive an extension of time to serve the defendants, the plaintiff must show good faith and a reasonable basis for noncompliance with the time set forth in the rule. *Id*.

Because the plaintiff is a prisoner, the court was required to pre-screen the complaint before issuing summons to the plaintiff. *See* 28 U.S.C. § 1915A(a). Following completion of the screening process, the plaintiff was issued summons on November 24, 2020. The plaintiff did not neglect his responsibility to serve the defendants. To the contrary, the plaintiff attempted to serve the defendants by mail on December 21, 2020, although the attempts were unsuccessful. The plaintiff filed responses to the defendants' motions to dismiss chronicling his attempts at service, and he requested service by the United States Marshal. In light of the plaintiff's attempts to effect service, the motions to dismiss should be denied and the plaintiff should be granted an extension of time to serve the defendants.

## Recommendations

Defendants' motion to dismiss for insufficient service of process should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 6th day of July, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE