IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION


KEITH M. COLE,
   Plaintiff,


VS.                                    CIVIL ACTION NO: 1:20-CV-15


BOBBY LUMPKIN, et. al.,
         Defendants.


PLAINTIFF'S RESPONCE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT


OPENING STATEMENT


As a matter of clearly established law, in reviewing a motion for summary judgment, this Honorable Court must take "ALL EVIDENCE" favorable to Plaintiff as being true and "EVERY" reasonable inference should be resolved in Plaintiff's favor. SEE FREE vs. AMERICAN HOME ASSUR.CO. 902, S.W. 2d. 51, HOLSTEIN VS. FEDERAL DEPT. MANG.INC. 902, S.W. 2d. 31.

The records clearly show, that Plaintiff filed this civil action under the protections of the RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000 (RLUIPA).

Under this act, Plaintiff did bear the initial burden of proving (1) That meatless meals violate his sincerely held religious beliefs and practices.

1.

In the Defendant's Motion for Summary Judgment the Defendants don't dispute Plaintiff's (Cole) religious beliefs, that he follows tenants set forth in the Holy Quran and the Holy Bible, which requires him to abstain from eating pork but compel him to consume other meat.

Their focus was on whether Cole could prove the second prong required under RLUIPA. (T.D.C.J.'s Menu Plan is a Substantial Burden to his religious practices and beliefs).

The Defendants asserted "If Cole's sincerely held religious belief requires the consumption of meat at each meal, his religious practice can be satisified through purchase of additional food through the unit Commissary". SEE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PAGE - 7 LINES 11-12.

Plaintiff contends, that this statement is in dispute and he intends to present sufficent evidence showing, that this is a "GENUINE ISSUE OF MATERIAL FACT" and can not be resolved in this Motion for Summary judgment. (EMPHASIS ADDED!!!!!!)

Cole will show the following:

FIRST: This Honorable Court must concede , seldom does the U.S. Congress come together and agree to "UNANIMOUSLY" inact into law the religious rights conveyed by the R.L.U.I.P.A..

Even more rare, is when the U.S. Sumpreme Court "UNAIMOUSLY" rules in the favor of an Offender under this Act.

Upon review of Cole's Original Complaint, he has clearly used this Supreme Court decision as a "TEMPLATE" and prays, that this Honorable Court does the same.

# PLAINTIFF'S FACTUAL ARGUMENTS

Plaintiff concedes, that he also bears the burden to "PROVE", that T.D.C.J.'s Religious Food Service Policy which only provides meatless meals is a substantial burden on his religious exercise.

In the Defendant's Motion for Summary Judgment, they claim, that Plaintiff has consistently purchased a wide varity of food items from his unit's commissary "INCLUDING BEEF, CHICKEN and FISH".

In support, the Defendants provided this Honorable Court with a complete record of every commissary item purchased by Plaintiff in the last two years. SEE EXHIBIT-C IN DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

(Plaintiff would like to pointout, that even though his unit Commissary sells several food items that contain pork, this record also proves that Plaintiff avoided all food items which contained pork).

The Defendants also provided this Honorable Court with a copy of his banking history SEE EXHIBIT-D.

They stated that Plaintiff reguarly received deposits into his account in sufficient amounts to "PURCHASE ANY FOODS OF HIS CHOICE" is irrelevant.

They also claimed, that Plaintiff can supplement "ANY MEAT FREE MEAL SERVED by T.D.C.J. with these funds.

The record clearly shows, that on the date that Plaintiff filed his Original Complaint (1-13-2020) the Defendants knew of a longstanding and well established Food Service and Security Policy that states: "NO OFFENDER IS ALLOWED TO TAKE ANY COMMISSARY FOOD ITEM INTO ANY T.D.C.J. UNIT CHOW HALL". SEE T.D.C.J. OFFENDER HANDBOOK

There should be "NO DISPUTE" that if Plaintiff was caught attempting to smuggle a meat pack into the Chow Hall in order to supplement a meatless meal, this commissary purchased food item could be conficated

and Plaintiff could be subjected to "DISCIPLINARY ACTION".

This Honorable Court must concede, that every time Plaintiff would sneak a meat pack into the Chow Hall to supplement a meatless meal he would be in violation of Agency policy.

Therefore, if Plaintiff complied with policy, when ever pork is served in the Chow Hall he would still be compelled to eat a meatless meal regardless of the amount of money or meat packs that he may possess.

In addition, if Plaintiff decided to forego a meatless meal in the Chow Hall and prepare a meal in his living area, even though this meal would contain meat, this meal would still pose a substantial burden on his religious exercise.

Any meal that Plaintiff can consume outside of the Chow Hall would be incomplete, nonuniform and not comparable to the "ESSENTIAL" food items available in all lunch and dinner meals served in a T.D.C.J. Chow Hall.

PLEASE NOTE: Commonly served and essential food items that "ARE NOT AVAILABLE" in Plaintiff unit's Commissary: CORN, GREENS, SWEET PEAS, BEETS, GREEN BEANS, BLACK EYED PEAS, SWEET POTATOS, CARROTS, BROCCOLI, CABBAGE and many other fruits, vegetables in addition to "BREAD".

Plaintiff ask this Court to please consider Plaintiff's dilemma.

(1) Plaintiff can eat the regular tray which contains pork and enjoy the healthy benefits of the essential food items listed above which would violate his religious beliefs.

(2) Plaintiff can eat the pork free meatless meal and also enjoy essential food but would also violate his religious beliefs.

(3) Plaintiff could attempt to sneak a meat pack into the Chow Hall and eat a meal that would satisfy both his religious and health concerns but he would be in violation of Agency policy and "DISCIPLINARY ACTION". could be brought against him.

PLEASE NOTE: In a "UNANIMOUS U.S.SUPREME COURT DECISION"
the Plaintiff was faced with the same delemma as Cole.
He could shave off his beard which would violate his religious beliefs
or he could contraven prison grooming policy and keep his beard and
risk disciplinary action.
The Supreme Court ruled, that this type of choice "EASILY SATISFIES"
the substantial burden requirement under RLUIPA. SEE HOLT VS. HOBBS
(SYLLABUS) OCTOBER TERM 2014, LEXIS 12484.
IN ADDITION: Cole contends, that it would be unlikely for the Defndants
to assert "TRUTHFULLY", that their Religious Menu Slection Plan does not
pose a substantial burden on Cole's beliefs, when they have "NEVER"
provided him with all of the food items within the "MANDATORY LANGUAGE"
of this policy.
According to this policy, "When meat or pork is served, one of the three
options "SHALL" be used to replace the meat or pork that will not be
served on the meat-free or pork-free trays".
All of these options "SHALL" be used and "SHALL" be rotated to assure
varity in menu item replacement. SEE FOOD POLICY 13.07 MENU REPLACEMENTS
In Cole's Original Complaint dated 1-13-2020, Cole stated, that he had
only been assigned to the Mark Stiles unit for (2) two months.
Cole stated, that when even pork is served he would be offered some type
of peanut butter and jelly concotion, (1) one extra piece of cornbread,
(4)oz. of extra beans, "NO EGGS, CHEESE or PEANUT BUTTER SANDWICHS".
SEE PAGE 9 LINES 7-8.
UNDER PENALTY OF PERJURY, Cole emphatically states, that since the
date of filing his original complaint up to todays date of 4-20-2022
99 percent of the times pork is served Cole is still being offered
some type of peanut and jelly concotion, cornbread and beans, NO

EGGS,CHEESE or PEANUT BUTTER and JELLY SANDWICHS, except two meals with eggs and four meals with cheese in over two years.

Plaintiff went as far as to ask this Honorable Court to send a Factfinder to the Stiles unit to verify the pork free meals being served.SEE **COLE'S ANSWER TO BOBBY LUMPKIN'S RESPONCE PAGE 4 LAST FOUR LINES.**

Cole also requested in his Motion for Disclosure, for the Defendant's to provide an estimate of how many times cheese or eggs were served as a pork substitute in lunch and dinner meals in the past 120 days. They refused or failed to do so, because their answer would have to be "ZERO". SEE COLE'S MOTION FOR DISCLOSURE at (6).

Clearly, the issue of being in complaince with a policy that the Defendants are trying to defend would be a "MATERIAL FACT and GENUINE ISSUE" and should be resolved before this Motion for Summary Judgment can be considered.

## RIGOROUS STANDARDS OF RLUIPA SET FORTH IN A UNANIMOUS U.S. SUPREME COURT DECISION (HOLT vs. HOBBS)

Upon review of Cole's Original Complaint Opening Statement, it was based on the decisions in Holt vs.Hobbs, and RLUIPA.

As stated, Congress enacted RLUIPA in order to provide "VERY BROAD PROTECTION" for religious liberty.

Congress specifically enacted RLUIPA to allow Cole to seek religious accommodations "FAR GREATER" than those available under the First Amendment.

In the Defendant's Motion for Summary Judgment,they claim "In considering whether a practice or policy substantially burdens an inmate's sincere religious beliefs,the Court may consider whether the inmate has alterative means of exercising his religion." SEE PAGE 6, 13-15.

6.

Cole contends, that making such a statement clearly proves, that the Defendants misunderstood the analysis that RLUIPA demands.
In a "UNANIMOUS SUPREME COURT" decision, they spoke with "EXACTING CLARITY", when a District Court erred by concluding, that a prison policy did not substantially burden an Offender's religious excercise because he had been provided alternative means of excercising his religious rights.
The Supreme Court found, that the District Court improperly imported a strand of reasoning from cases involving prisoner's First Amendment rights.
Under those cases, the availability of alternative means of practicing religion is a relevant consideration, but RLUIPA provides "FAR GREATER PROTECTIONS".
The Supreme Court reasoned, RLUIPA's "SUBSTANTIAL BURDEN" inquiry ask whether the govenrment has substantially burdened religious excercise not whether the RLUIPA Claimant is able to engage in other forms of religious exercise. SEE HOLT vs. HOBBS LEXIS 12484.

### COMPELLING GOVERNMENTAL INTEREST

The Defendants claim, that the 5th.Circuit has already recognized that TDCJ has a compelling institutional interest in: promoting and maintaining unit safety, security, good order, discipline and protecting the General Public.
However nowhere in their Motion for Summary Judgment do they show how providing Cole with meat at each meal would conflict with any of these compelling interest.
PLEASE NOTE: There should be no dispute, when Cole was first incarcerated

7.

on the Easthan unit in 1995, whenever pork was served, all Offenders who requested a pork free meal were all provided with a non pork meat as a substitute ,ie: chicken,beef,turkey,fish,no peanut butter,cheese or eggs were served to replace the pork.

This menu plan existed for "SEVERAL YEARS" and at no time can Defendants show of any animosity,resentment,security,or safety concerns.

In the same Supreme Court decision,this issue was addressed.

"The Court's opinion to preclude deferring to prison officials's reasoning whenthat deference is due-that is, when prison officials offer a plausible explanition for their chosen policy that is supported by whatever evidence is reasonable to them. But the deference that must be extended to the experience and expertise of prison administrators does not extend so far that prison officials may declare a compelling governmental interest by "FIAT"."

Plaintiff contends,that the only relevant penological interest would be "CONTROLING COST".

In Cole's Original Complaint he provided ample proof, that food cost would be "DE MINIMIS". SEE PAGES 11-12.

Even the 5th.Circuit ruled in a case of another Mark Stiles Offender (MOUSSAZEDED vs. TDCJ 703.f3d. 781-801) that the cost for his Kosher meals was minimal, less than .005 PERCENT of TDCJ's food budget.

The Defendants also stated,that the 5th.Circuit has specified that controlling cost is a compelling issue that would permit a prison system to have restrictions in placethat imposed a significant burden on the free exercise of religion because the compelling state interest "WAS SO GREAT".SEE BARANOWSKI VS. HART 486 f3d, 112,125.

PLEASE NOTE:CIRCUMSTANCES HAVE CHANGED THEREFORE BARANOWSKI IS INSTRUCTIVE BUT NOT DISPOSITIVE.

However, in Cole's Original Complaint, he stated, that unlike in BARANOWSKI where the 5th. Circuit denied his request for kosher meals because of TDCJ's limited budget for food, difficulties and expence associated with having to creat a seperate Kosher kitchen, or to bring Kosher food from the outside, which would breed resentment among Offenders, were all compelling penological interest.

Clearly Cole is not requesting a Kosher or Hala menu, nor the expence associated with having to creat a separate kitchen, or require TDCJ Officials to substantially alter food preparation procudures, nor use containers, special storage facilities, or utensils inorder to completely avoid pork contamination.

Cole is not requesting any type of specially tailored diet uniquely set aside of him.

Cole is not requesting a new food program as the Defendants alledged in THUNDERHOUSE VS. PIERCE or ROYAL VS. GROUNDS.

Cole is requesting meat a ready available food item on all TDCJ prison units.

As stated in Cole's Original Complaint, if they can boil and egg they could just as easily boil a hotdog of beef link.

If they can slice cheese they can slice bologna or salami instead.

If they can mix peanut butter and jelly together they can mix tuna and mayo also. SEE PAGES 9-10

Cole also stated, that bologna or saliami sandwichs are served to Offenders with medical conditions that require extra meat.

No where in the Defendants Motion for Summary Judgment do they prove why Cole's name could not be added to the list of Offenders who receive meat for medical reasons.

In fact the Defendants only quoted case law and present no eveidece

specific to his case.

What is "FATAL" to the Defendant's Motion for Summary Judgment is the fact, that they failed to demonstrate why the less restrictive options suggested by Cole were insufficient to achieve its compelling interest of controlling cost.

Under RLUIPA, requires institutions refusing an accommodation to demonstrate, that the policy it defends is the least restrictive means of furthering the alledged compelling interest. SEE 2000cc-1 (a) (2): WASHINGTON VS. KLEM, 497 f3d. 272,284 (CA3 2007).HOLT VS. HOBBS.

The U.S. Supreme Court pointed out "the phrase least restrictive is by definition a relative term."

IT NECESSARILY IMPLIES A COMPARISON WITH OTHER MEANS.SEE COUCH VS. JABE 679 fed. 197,203 (CA4 2012). SEE HOLT VS.HOBBS.

The Defendants need not refute each and every conceivable alternative but must refute the alternative schemes offered by the Challenger. SEE U.S VS. WILGUS 638 fed.1274,1289 (CA10 2011) HOLT VS.HOBBS. Clearly the Defendant did not.

## CONCLUSION

Clearly the Defendants fail to meet summary judgment standards. Clearly Cole has presented sufficient evidence of nonresolved genuine issues of material facts.

Therefore the defendants motion for summary judgment should be DENIED!!!

IN ADDITION; Cole ask this Honorable Court to rule, that TDCJ's menu selection plan on its "FACE" is a violation of RLUIPA.

95 percent of meals served for lunch and dinner contain some type of meat, for 1/3 of an Offenders meals to be meatless due to religious beliefs and are not vegetarians is "TOO REESTRICTIVE"

CERTIFICATE OF SERVICE

I KEITH M.COLE PLAINTIFF, CERTIFY THAT A TRUE AND CORRECT COPY
OF PLAINTIFF'S RESPONCE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
HAS BEEN MAILED TO THE FOLLOWING:

MS.JEANINE M.COGGESHALL  (LEDD-012) Coggeshall
ASSISTANT ATTORNEY GENERAL
P.O. BOX 12548
AUSTIN,TEXAS 78711-2548

On this 4th Day of May 2022

/s/ Keith M Cole

```
        MR.KEITH M.COLE #728748
            MARK STILE UNIT
              3060 FM 3514
          BEAUMONT,TEXAS 77705
```

REF: KEITH COLE VS. BOBBY LUMPKIN
   CIVILACTION NUMBER 1:20-CV-20

Dear Clerk,

Enclosed,you will find a copy of my answer to Defendant's MOTION FOR Summary Judgment.
Please file this document with the Court and file mark the copy of this letter and return it to me in the enclosed envelope

                                    MAY GOD BLESS YOU TODAY!!!!!

                                    /s/ Keith M. Cole

Mr. Keith M. Cole #728748
Mark Stiles Unit
3060 FM 3514
Beaumont Texas 77705



U.S. District Court of Texas
Eastern District/Beaumont Division
300 Willow Street Ste #104
Beaumont Texas 77701-2017