IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEITH M. COLE | § | |
| VS. | § | CIVIL ACTION NO. 1:20-CV-15 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Keith M. Cole, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, against Bobby Lumpkin, Bryan Collier, the Texas Department of Criminal Justice, and Mary Gilder.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff states that he is a member of the Baha'i faith, and he studies and practices teachings from the Qur'an, the Torah, and the New Testament of the Christian Bible. Plaintiff contends that these teachings both prohibit him from consuming pork and mandate him to eat a non-pork meat at every meal. Plaintiff states that he is not provided a non-pork meat option to replace pork when it is served to the inmates. As a result, Plaintiff claims that he is forced to modify his diet for nearly one third of the lunch and dinner meals served by the prison. Plaintiff alleges his only options when

pork is served are to eat the regular meal with pork, eat the vegetarian option that is available to him, or supplement his meal with meat purchased with his own money from the prison commissary.

## Defendants' Motion for Summary Judgment

Defendants contends that Plaintiff has not met his burden of proving that TDCJ's menu selection plan substantially burdens his exercise of religion. Defendants also contend that the menu selection plan is the least restrictive mean of furthering TDCJ's compelling interests in controlling its resources and the costs of food service.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Analysis

The Religious Land Use and Institutionalized Persons Act was enacted to guarantee more extensive protection for the free exercise of religion than is guaranteed by the First Amendment. *Ramirez v. Collier*, __ U.S. __, 142 S. Ct. 1264, 1277 (2022). The RLUIPA, in part, protects the religious rights of institutionalized persons who require government permission and accommodation to practice their religion. *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005). The statute prohibits a government from imposing a substantial burden on a prisoner's religious exercise, even if the burden results from a rule of general applicability, unless the government demonstrates the burden is: (1) in furtherance of a compelling governmental interest; and (2) the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a). Cases brought pursuant to the RLUIPA require a "fact-specific inquiry that takes into account the special circumstances of the individual prisoner and prison." *Chance v. TDCJ*, 730 F.3d 404, 411 (5th Cir. 2013). The court must give due deference to the expertise of prison officials in establishing regulations and procedures to maintain order, security and discipline, taking into consideration costs and limited resources. *Cutter*, 544 U.S. at 723. However, there are limits to the deference owed to the judgment of prison officials. *Chance*, 730 F.3d at 419. Otherwise, prison officials could prohibit all religious practices by citing a generally-applicable policy. *Id*.

The plaintiff bears the initial burden of proving the challenged government action substantially burdens his religious exercise. *Ramirez*, 142 S. Ct. at 1277; *DeMoss v. Crain*, 636 F.3d 145, 150 (5th Cir. 2011). The statute defines "religious exercise" as "any exercise of religion,

3

whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7). The plaintiff must first show that the requested accommodation is based on a sincerely-held religious belief, and not motivated by other reasons. *Ramirez*, 142 S. Ct. at 1278. Then, the plaintiff must also demonstrate that a government regulation places a substantial burden on his religious exercise by pressuring the plaintiff to significantly modify his religious behavior and significantly violate his beliefs. *Holt v. Hobbs*, 574 U.S. 352, 361 (2015); *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). A government regulation does not pose a substantial burden to religious exercise "if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." *Adkins*, 393 F.3d at 570. Because courts are "ill-suited to resolve issues of theology," the court must not inquire whether a religious practice is central to the adherent's religious belief system. *See Adkins*, 393 F.3d at 570. A plaintiff is only required to demonstrate the "honesty and accuracy of his contention that the religious practice at issue is important to the free exercise of his religion." *Id.* Further, he is not required to demonstrate strict doctrinal adherence to all the standards set by his religious authorities to prove his sincerity. *Moussazadeh v. TDCJ*, 703 F.3d 781, 791 (5th Cir. 2012).

If the plaintiff shows that the challenged government action substantially burdens his religious exercise, the burden shifts to the defendant to prove a compelling state interest, and that the government action is the least restrictive means of furthering that interest. *Ramirez*, 142 S. Ct. at 1278; *DeMoss v. Crain*, 636 F.3d at 150. In making this determination, the court must give "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Brown v. Collier*, 929 F.3d 218, 229 (5th Cir. 2019)

4

(quoting *Cutter*, 544 U.S. at 723). The least-restrictive-means standard places a heavy burden on the defendant. *Burwell v. Hobby Lobby Stores*, 573 U.S. 682, 728 (2014). The defendant must show that there are no other means of furthering the compelling interest without imposing a substantial burden on the plaintiff's religious exercise. *Ali v. Stephens*, 822 F.3d 776, 786 (5th Cir. 2016).

Defendants do not challenge the sincerity of Plaintiff's religious beliefs, but they contend that those beliefs are not substantially burdened by TDCJ's meal plans because Plaintiff has been able to purchase meat from the commissary, at his own expense, to consume at the meals where the meat option is pork. (Doc. #38-3 at 1-29.) The United States Court of Appeals for the Fifth Circuit rejected this argument in the context of a Jewish inmate who did not have kosher meals available to him at his prison unit, although Jewish inmates assigned to a different unit were provided kosher meals free of charge. *Moussazadeh*, 703 F.3d at 794. The Fifth Circuit held that the plaintiff's ability to exercise his religious beliefs was substantially burdened by the practice of requiring him to pay for his kosher meals, which were available to other inmates within TDCJ. *Id*. The Fifth Circuit distinguished its holding in *Moussazadeh* from an Eighth Circuit case,[1] in part, because the plaintiff in that case was requesting "a particularly nuanced version of halal food," and "sixteen of the twenty-one meals Patel received each week in the dining hall met his standards." *Id*. In this case, it is not necessary to resolve whether Plaintiff's ability to purchase food from the commissary to satisfy his religious dietary requirements substantially burdens the practice of his religious beliefs because Defendants have shown that they have a compelling interest in controlling its resources and the costs of food service, and their meal selection plan is the least restrictive means of accommodating various dietary needs of the entire inmate population.

---

[1] *See Patel v. Bureau of Prisons*, 515 F.3d 807 (5th Cir. 2008).

Defendants have a compelling governmental interest in controlling costs. *Baranowski v. Hart*, 486 F.3d 112, 125-26 (5th Cir. 2007) (holding that TDCJ's then-policy of denying kosher meals to Jewish inmates was the least restrictive means of furthering TDCJ's compelling interest in controlling costs). In furtherance of this compelling interest, TDCJ has established a menu selection plan that applies to all inmates, regardless of their dietary or religious preference. (Doc. #38-1 at 1-4, doc. #38-2 at 2.) The menu selection plan allows inmate to select from one of three menu plans: (1) a regular tray containing all the items that are offered on the serving line; (2) a meat-free tray that contains all the items, except for meat; or (3) a pork-free tray that contains all the items available on the serving line, except pork. (Doc. #38-1 at 2.) If a meat-free or pork-free menu is chosen, there are various foods that are provided to the inmate to replace the meat or pork for that meal. (Doc. #38-1 at 2.) Inmates are allowed to choose from any of the three menu plans and to change their selection at every meal. (Doc. #38-1 at 2.)

Plaintiff does not allege, as in *Moussazadeh*, that he is being denied a particular meal that is available to some inmates, but not others. Rather, Plaintiff contends that none of the three available options conform with his religious belief that he must eat meat at each meal. In *Jones v. Shabazz*, the plaintiff asserted that, as a member of the Nation of Islam, he was required to adhere to a specific diet conforming to his religious beliefs rather than simply avoiding prohibited foods. *Jones v. Shabazz*, 352 F. App'x 910, 912 (5th Cir. 2009). The plaintiff stated that the TDCJ pork-free menu option was inadequate to accommodate his religious beliefs because those beliefs required "TDCJ to serve him with nothing but fresh fruits, vegetables, chicken, and fish." *Id.* at 916. The Fifth Circuit found that the plaintiff failed to produce evidence to support his assertion that the pork alternatives were prohibited by his religious beliefs. *Id*. The Fifth Circuit held that "[The plaintiff's]

6

claims also fail because requiring the TDCJ to specially accommodate NOI adherents and every one of the other 140 religious sects in the TDCJ would create undue burdens on prison administration, and the TDCJ policy represents the least restrictive means available for handling religious dietary issues." *Id*. More recently, the Fifth Circuit affirmed the denial of injunctive relief to a prisoner who sought a more particularized religious meal, agreeing with the district court's conclusion that the defendants had a compelling interest in refusing to provide the plaintiff an individualized diet. *Muhammad v. Wiles*, No. 20-50279, 2022 WL 73047, at *1-2 (5th Cir. Jan. 7, 2022).

In light of Fifth Circuit precedent and the competent summary judgment evidence, Defendants have demonstrated in this instance that TDCJ's polices concerning food service further a compelling interest in cost to the prison, and the policies are the least restrictive means for advancing those compelling interests. Therefore, Defendants are entitled to summary judgment.

## Recommendation

Defendants' Motion for Summary Judgment should be granted.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

7

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 3rd day of March, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE