IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 23 2023

BY
DEPUTY_____

KEITH M.COLE,
   Plaintiff,

vs.                  CIVIL ACTION NO: 1:20-CV-15

BOBBY LUMPKIN,ET.AL.,
      Defendants,

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff (Keith M.Cole) an inmate confined at the Mark Stiles Unit in T.D.C.J., proceeding pro se, files this Objection to rulings on Defendant's Motion for Summary Judgment by Magistrate Judge (Christine L.Stetson).

Plaintiff's civil action was filed pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and used the U.S. Supreme Courts "UNANIMOUS" decision in HOLT VS. HOBBS 574 U.S.352,361 (2015) as a template. SEE DOC.#45-2 at 18-24.

Plaintiff intends to show, that the recommendation submitted by the Magistrate Judge, clearly contradicts RLUIPA and the Supreme Court rulings in Holt vs. Hobbs insomuch as the Court confronted facts that were materially indistinguishable from relevant Supreme Court precedents and laws under RLUIPA but reached an opposite result.

Even though the Magistrate Judge correctly identified these governing precedents, she unreasonably applied them to the facts in this case. Plaintiff contends, that the Judges findings of facts and conclusions of law were predicated on a "FUNDAMENTAL FLAW" and it would be a

1.

grave constitutional injustice to allow this ruling to stand.

PLEASE NOTE: The focus of this objection in not on the Court's method of reasoning but on its ultimate legal conclusion.

ISSUES PRESENTED

1. Did the Magistrate Judge go astray or error in her "ANALYSIS" of the least restrictive means standard set forth in RLUIPA and the U.S. Supreme Courts "UNANIMOUS" decision in Holt vs. Hobbs?

The least restrictive means of achieving a compelling interest, is the most rigorous in all constitional law. SEE CITY OF BOERNE VS. FLORES 521 U.S. 507,534,117 S.CT. 2157,138 L.Ed. 2d. 624 (1997).
This standard is often reffered to as "FATAL IN FACT", because it often leads to the challenged government policy's being struck down. SEE BEMAL VS. FAINTER, 467 U.S. 216,219 N.6 104 S.CT. 2312, 81 L.Ed. 2d. 175, (1984).
In a "UNANIMOUS" U.S. Supreme Court decision, they spoke with "EXACTING CLARITY" when they analyzed the least restrictive means standard under the rigorous demands established by Congress in RLUIPA.
The Supreme Court stated "The least restrictive means standard is "EXCEPTIONALLY" demanding". SEE DOC.#1-6 at 25-27.
The Magistrate Judge in this civil action also stated "The least restrictive standard places a "HEAVY BURDEN" on the Denfendants" SEE DOC.#50-5 at 1-4.
The Supreme Court went on to state," RLUIPA requires institutions refusing an accommodation to "DEMONSTRATE" that the policy if defends is the least restrictive means of furthering the alledge compelling interest". SEE 2000CC-1 (a) (2); HOLT VS. HOBBS also see WASHINGTON

2.

VS. KLEM, 497 F. ed. 272,284 (CA3 2007).

The Supreme Court went as far as to emphasis, that "The phrase least restrictive means is by definition a relative term".

" It necessraily implies a "COMPARISON" with other means". SEE HOLT VS. HOBBS also SEE COUCH VS. JABE, 679 F.ed. 197,2003 (CA4 2012).

PLEASE NOTE: The Supreme Court ruled in Holt vs. Hobbs, that the Institutions failure to demonstrate why the less restrictive policies Petitioner identified in the course of the litigation were insufficient to achieve its compelling interest was "FATAL TO DEFENDANTS POSITION".

( In Plaintiff's responce to Defendants Motion for Summary Judgment clearly states "What is fatal to the Defendants Motion for Summary Judgment is the fact ,that they failed to demonstrate why the less restrictive options suggested by Cole were insufficient to achieve its alledged compelling interest of controlling food cost".SEE DOC.#45-10 at 2-5. Plaintiff went on to state, that defendants need not refute each and every conceivable alternative but "MUST REFUTE THE ALTERNATIVES SCHEMES OFFERED BY THE CHALLENGER". SEE DOC.#45-10 at 13-16.)

Plaintiff contends, that the Defendants failed to present any summary judgment evidence demonstrating, that they complied with these rigorous standards demanded by RLUIPA and the Magistrate Judge errored by allowing the Defendants to circumvent clearly established laws under RLUIPA standards in granting Defendants Motion for Summary Judgment. Plaintiff contends, that he has presented indisputable proof, that the Defendants failed to comply with clearly established "MANDATORY" standards under RLUIPA.

This fact alone, should be sufficient to reject the findings by the Magistrate Judge in this cause of action.

2. Did Defendants present "CASE SPECIFIC EVIDENCE" proving, that their interest in controlling food cost was compelling as required under RLUIPA?

In this cause of action, the Magistrate Judge states "Cases brought pursuant to the <u>RLUIPA</u> requires a "FACT-SPECIFIC INQUIRY", that takes into account the special circumstances of the "INDIVIDUAL" prisoner and prison. SEE DOC.#50-3 at 12-14.

What is at issue, is the findings of the Magistrate Judge, which stated "In light of Fifth Circuit precedent and competent summary judgment evidence, Defendants have demonstrated in this instance, that TDCJ's policies concerning food service furthers a compelling interest in cost to the prison". SEE DOC.#50-7 at 9-10.

The key words are "IN THIS INSTANCE" and "COMPELLING INTEREST" because in a case specific inquiry, the record clearly shows, that not all FIFTH CIRCUIT decisions "AGREE", that TDCJ's policies concerning food service are "UNQUESTIONABLE" a compelling interest in controlling food cost.

In Plaintiff's Original Petition he pointed out, in a case involving another Offender housed at the Mark Stiles Unit, who was being fed the same pork-free meatless meals as Plaintiff, that the FIFTH CIRCUIT found, that providing this prisoner with Kosher meals was <u>"MINIMAL"</u> less than .005 percent of TDCJ's food budget. SEE DOC.#1-12 at 23-24 also SEE MOUSSAZADEH VS. TDCJ 703-F.ed. 781-801.

PLEASE NOTE: These Kosher meals contain non pork meat and cost signifficantly more than the relief requested by Plaintiff.

In lure of this FIFTH CIRCUIT decision and the "RIGOROUS STANDARDS" imposed by RLUIPA, at the least, the Magistrate Judge should have required the Defendants to "DEMONSTRATE" that the relief requested by

Plaintiff (and the fact, that Plaintiff raised MOUSSAZADEH as an issue) was so great that it posed an undue burden thus creating a compelling interest not found by the FIFTH CIRCUIT in MOUSSAZADEH.

**PLEASE NOTE:** The Magistrate Judge refferenced, "When pork is served various foods are provided to replace the pork". SEE DOC.#50-6 at 9-10. However, the Defendants failed to provide any summary judgment evidence demonstrating, that the cost of these food items would be any less or any more than the relief requested by Plaintiff.

In fact, the record is "VOID" of any actual cost for food. Plaintiff contends, that as in this specific case and in MOUSSAZADEH, without the benefit of any cost comparisons, it would be prejudicial for the Magistrate Judge to find that the defendants proved a compelling interest in controlling food cost instead of finding that the cost for relief was minimal.

The Magistrate Judge may have identified, that the Defendants stated a claim of a legitimate penological interest of controlling food cost but failed to meet the exceptionally demanding, rigorous standards under RLUIPA proving that their interest was a compelling one. Therefore the Magistrate Judge's report should be denied.

**As a footnote;** Plaintiff contends that if the Magistrate Judge had given document #45 equal conseration as she did for document #38 the Defendants Motion for Summary Judgment should have been denied.

5

MR.KEITH M.COLE #728748
MARK STILES UNIT
3060 FM 3514
BEAUMONT,TEXAS 77705

3-14-2023

Dera Clerk,

Enclosed you will find my responce to the Magistrate Judges

Recommendations under cause number 1;20-cv-15.

I was unable to make a copy 9f this Motion.

Please forward a copy of this motion to the following:

MR.JACOB E.PRZADA
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 12548
AUSTIN,TEXAS 78711-2548

FAX NUMBER 512-370-9814

Please file mark the copy of this letter and return it to me
in the enclosed envelope.

MAY GOD BLESS YOU TODAY!!!!!
*/Keith M Cole/*
KEITH M.COLE

Mr. Keith M. Cole 928748
Mark Stiles Unit
3060 FM 3514
Beaumont, Texas 77705



CLERK, U.S. DISTRICT COURT
RECEIVED

MAR 2 3 2023

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

CLERK
United States District Court
300 Willow Street, Suite 104
Beaumont, Texas 77701-2217